ALMON, Justice.
This is a fraud action regarding the sale of a new automobile. Pauline Yates complained of intentional, reckless, or negligent misrepresentations regarding the sale of a 1984 Toyota Corolla by Ivy Corporation, d/b/a Toyota of Anniston. Mrs. Yates alleged that Toyota of Anniston had sold the car to another buyer, who reneged, and then resold it to her as “new.” The trial court submitted the fraud claim to a jury, which returned a general verdict in favor of Mrs. Yates and awarded damages of $40,000. The trial court entered judgment based on that verdict, and the court denied the defendant's motion for judgment notwithstanding the verdict. Ivy *559 Corporation argues on appeal that the judgment is contrary to the law and to the facts established in the case.
On June 15, 1984, Joe Yates was looking at new cars at Toyota of Anniston. With the saleman’s approval, Mr. Yates took a 1984 Corolla home to Pell City for his wife’s inspection. The next day Mr. and Mrs. Yates returned to Anniston to purchase the car. It is undisputed that the car had 942 miles on the odometer at that time. All of the required paperwork on the vehicle indicated that the car had accumulated 942 miles. Upon inquiry about this mileage, Mrs. Yates was told by the dealer that the mileage was attributable to test drives by other customers, similar to the 70-mile-long test drive Mr. and Mrs. Yates had made.
It was not until Mrs. Yates read the owner’s manual that she felt any hesitancy about the car. The manual that came with the car described Mr. Cedrick Farrior as owner. Upon inquiry by Mr. Yates, Mr. Ivy, president of Toyota of Anniston, explained that Mr. Farrior had looked at the car and had taken it home on approval, as the Yateses had done, but that the sale failed for lack of financing. Mr. Farrior had signed a retail installment sales contract and security agreement, an odometer mileage statement, and an application for certificate of title on the vehicle. These documents were circulated internally but were never filed by Ivy Corporation. The sale to Farrior was conditioned on his procurement of a $2,350 loan to be used as a down payment, and the installation of a cassette deck by the dealer in the car. Neither of these conditions was performed when Mr. Farrior returned the automobile to Ivy Corporation. Mr. Farrior neither acquired title to the car nor gave any consideration for it.
Mrs. Yates contends that the car was no longer “new” after Mr. Farrior filled out the paperwork. Both parties cite Boulevard Chrysler-Plymouth, Inc. v. Richardson, 374 So.2d 857 (Ala.1979), as controlling on the issue of whether a vehicle is “new.”
In Boulevard Chrylser-Plymouth, the defendant sold as “new” an automobile that had only 20 miles on the odometer but had extensive rust and mechanical defects that had been surreptitiously repaired. There was also strong evidence of a substantial collision to the front of the vehicle prior to the sale. This Court explained that in most cases a legal definition of “new car” is not necessary to an orderly disposition of the case. Usually the question is for the jury to decide, “in accordance with reasonable expectations,” whether the car was new. In Boulevard Chrysler-Plymouth, the plaintiff bought a car “of considerably less value than other comparably equipped new cars,” due to its hidden defects.
Here, the sale in question is quite different. Mrs. Yates testified that she was completely satisfied with the car in every respect, and that the car was sound, both mechanically and cosmetically. She was aware of the 942 miles on the odometer and testified that this mileage was part of the basis upon which she negotiated a purchase price. Mrs. Yates also admitted on the stand that the car met her “expectations as to what [she] would expect a new car to do.” Mrs. Yates explained that the sole basis of her complaint was finding Mr. Farrior’s name in the owner’s manual. Mrs. Yates’s only express dissatisfactions were that “I don’t have a good feeling about the automobile” and “I haven’t formed a very good attachment to the car.”
Mrs. Yates contends that this dissatisfaction stems from Ivy Corporation’s prior sale of the car to Mr. Farrior. She argues that the car was worth $1,000 less after Mr. Farrior drove it off the lot. She further contends that the failure to disclose the dealings with Mr. Farrior constituted a misrepresentation that the car was “new” when it was in fact “used.”
Mrs. Yates cites Boulevard Chrysler-Plymouth, supra, and Larry Savage Chevrolet, Inc. v. Richards, 470 So.2d 1168 (Ala.1985), for the proposition that a transfer of title is not necessary to render a vehicle no longer “new.” While it is true that transfer of title is not a prerequisite, it *560 is a factor to be considered. In both of the above cited cases the car was rendered “used” by the repair of substantial damage prior to sale.
In the present case, the transfer of title would be strong evidence of previous ownership by Mr. Farrior. While Mr. Farrior did sign an application for certificate of title, it was never filed with the Department of Revenue. The evidence indicates that the application was completed in anticipation of a sale to Mr. Farrior, which did not occur because he failed to obtain financing.
Although he was optimistic about his ability to pay for the car when he drove it off the lot in Anniston, Mr. Farrior was unable to secure adequate financing and returned the car to Ivy Corporation the following day. Because Mr. Farrior did not retain the car and because Ivy Corporation did not accept his credit application, file his application for title, or deliver a bill of sale, no “sale” of the vehicle occurred. Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484 (1970).
For a claim of misrepresentation to go to the jury, the plaintiff must adduce at least a scintilla of evidence on each of the following elements of fraud, under Code 1975, § 6-5-101: “[TJhere must be (1) a false representation (2) concerning a material existing fact (3) relied upon by the plaintiff (4) who must be damaged as a proximate result.” Bank of Red Bay v. King, 482 So.2d 274 (Ala.1985), quoting Earnest v. Pritchett-Moore, Inc., 401 So.2d 752, 754 (Ala.1981), and International Resorts, Inc. v. Lambert, 350 So.2d 391, 394 (Ala.1977).
The preliminary negotiations with Mr. Farrior did not constitute a sale, and they were not a “material existing fact” requiring disclosure to Mrs. Yates. Because the car had not been sold to Mr. Farrior and because its status as a new car was not otherwise in question, there is not a scintilla of evidence of misrepresentation in the sale to Mrs. Yates. Under these circumstances, it was error for the trial court to deny Ivy Corporation’s motion for JNOV.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.